THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. LA VANCE PARSON, Defendant-Appellant.

First District (1st Division)   No. 1—89—0990

Opinion filed December 13, 1993.

Rita A. Fry, Public Defender, of Chicago (Greg Koster, Assistant Public Defender, of counsel), for appellant.

Jack O'Malley, State's Attorney, of Chicago (Celeste Stewart Stack, Special Assistant State's Attorney, and Renee Goldfarb and William D. Carroll, Assistant State's Attorneys, of counsel), for the People.

JUSTICE CAMPBELL delivered the opinion of the court:

Following a jury trial, La Vance Parson was found guilty of the murder of James Atkins, Jr., and of the attempted murders of Ray-

mond Spain and Darryl Davis, and sentenced to a prison term of 40 years for the murder conviction and two terms of 20 years each for the attempted murder convictions. The mittimus stated the sentences were to run consecutively. On appeal, this court affirmed defendant's convictions, remanding the matter to the trial court for the sole purpose of clarifying defendant's sentence and correcting the mittimus, which this court found to be inconsistent with the trial court's sentencing order. *People v. Parson* (1993), 249 Ill. App. 3d 1021.

In a related case, *People v. Jeter* (1993), 247 Ill. App. 3d 120, the sixth division of this court affirmed the convictions of codefendant Anthony Thomas for the murder of Atkins, and the attempted murders of Spain and Davis, and affirmed the conviction of codefendant Gerald Jeter for the murder of Atkins and the attempted murder of Spain, but vacated the defendants' sentences, remanding the matter to the trial court for resentencing. The *Jeter* court determined that the trial court erred in failing to consider defendants' rehabilitative potential as well as certain mitigating factors during the sentencing hearing. The three defendants in these two interrelated cases were sentenced in the same hearing, by the same trial court.

On November 2, 1993, the supreme court of Illinois entered supervisory order No. 75430, directing this court to enter an order vacating defendant's sentence and remanding this matter to the trial court consistent with this court's decision in *Jeter*.

Thus, in accordance with the supervisory order of the supreme court of Illinois, we hereby: (1) vacate the language in our opinion in *Parson* pertaining to the clarification of Parson's sentence; (2) vacate Parson's sentence; and (3) remand this matter to the trial court for resentencing on Parson's murder conviction.

In modifying our opinion, we adopt the following language set forth in *Jeter*:

> "Our review of the record indicates that the trial court did not carefully weigh the evidence presented at defendants' sentencing hearing, but instead, sentenced defendants 'for punishment only' based upon personal beliefs about the state of our prison system. The fact that the trial court failed to articulate the fact that he had considered the statutory factors before sentencing defendants supports this conclusion. We therefore vacate defendants' sentences and remand their cause for a new sentencing hearing in which the appropriate factors may be carefully considered." *Jeter*, 247 Ill. App. 3d at 132.

For the reasons stated, defendant's sentence is vacated and this cause remanded to the trial court for the purpose of resentencing defendant.

288

Affirmed and remanded.

BUCKLEY and O'CONNOR, JJ., concur.